UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matthew Sarles<br><br>                    Plaintiff,<br><br><br><br>       -v.-<br>Credit Collection Services, Inc.<br><br>                              Defendant(s). | Civil Action No: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Sarles (hereinafter, "Plaintiff"), brings this Complaint by and through his attorneys, Stein Saks PLLC against Defendant Credit Collection Services, Inc. (hereinafter "Defendant CCS"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred.

## NATURE OF THE ACTION

3. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Queens, residing at 147-36 68th Dr. #3, Flushing, NY 11367.

6. Defendant Credit Collection Services is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 240 Commercial St., Ste 3A, Boston, MA 02109.

7. Upon information and belief, Defendant CCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

9. Some time prior to June 2, 2020, obligations were allegedly incurred to Labcorp, Acupath Laboratories, Quest Diagnostics Incorporated.

10. The Labcorp, Acupath Laboratories, Quest Diagnostics Incorporated obligations arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically for medical services.

11. The alleged Labcorp, Acupath Laboratories, Quest Diagnostics Incorporated obligation are "debts" as defined by 15 U.S.C.§ 1692a(5).

12. Defendant CCS is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

13. Creditor Labcorp, Acupath Laboratories, Quest Diagnostics Incorporated contracted the Defendant CCS to collect the alleged debt.

14. Defendant CCS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*<u>Violation I – June 2, 2020 Collection Letter</u>*

15. On or around June 2, 2020 the Plaintiff received a collection letter from Defendant. (See Letter attached hereto as Exhibit A).

16. On June 1, 2020 Plaintiff made payments on the three accounts being collected by Defendant.

17. On June 9, 2020 Plaintiff received the collection letters dated June 2, 2020 attached as Exhibit A.

18. The letters stated that a payment schedule was made and that the the letters were a "friendly reminder" that Plaintiff agreed to make payment.

19. The letter is deceptive and misleading because it states that a payment is due, including instructions for payment when payment has already been made.

20. In addition, the lettes are deceptive because they are dated June 2, 2020 and state that payment is due June 1, 2020 and states "you will receive a payment reminder in advance of your payment installments(s), displaying the payment amount, due date, and total remaining balance. Please be advised, missed and/or late payment(s) will cancel this agreement."

21. It is deceptive and misleading for the letters to state that a payment reminder will be received in advance of a due date, and yet on those same letters state a due date (June 1) that has already passed.

22. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

25. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. Defendants made deceptive and misleading representations when they communicated to Plaintiff that they had not yet reported a negative credit report when in fact, they already did, in violation of 15 U.S.C. §§1692e.

27. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

28. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Sarles, demands judgment from Defendant CCS., as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest;

5.  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation: Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

6.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 31, 2020                                   Respectfully Submitted,

/s/Raphael Deutsch
Raphael Deutsch, Esq.
**Stein Saks, PLLC**
*Attorneys for Plaintiff*
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*

Case 1:20-cv-04049-PKC-SJB   Document 1   Filed 08/31/20   Page 7 of 7 PageID #: 7

1